```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

LESLIE RODRIGUEZ,

    Plaintiff,

v.                                 Case No. 8:16-cv-1132-T-33UAM

STATE FARM MUTUAL AUTOMOBILE
COMPANY,

    Defendant.
_____/

## ORDER

This cause comes before the Court upon review of the file. For the reasons that follow, the Court remands this action to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida pursuant to 28 U.S.C. § 1447(c) because this Court lacks subject matter jurisdiction.

## Discussion

This is an action for damages sustained by Plaintiff Leslie Rodriguez in a motor-vehicle accident that occurred on September 15, 2014. (Doc. # 2). Defendant State Farm removed the case from the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida on May 6, 2016, predicating jurisdiction on complete diversity of citizenship. (Doc. # 1).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). Further, if "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

Rodriguez does not make a specified claim for damages. (Doc. # 2 at ¶ 1) (generally alleging damages exceeding $15,000). However, State Farm's Notice of Removal alleges the jurisdictional amount is met because the Complaint alleges:

> The policy of automobile insurance provided coverage to Plaintiff for injuries sustained by her as a result of the negligence of the uninsured motorist, with coverage limits of $100,000 per person, $300,000 per occurrence. Plaintiff's total present and future required medical expenses, together with other losses sustained, exceed the amount of the uninsured motorist coverage issued by State Farm.

(Id. at ¶ 10).

On May 12, 2016, the Court entered an Order requiring State Farm to supplement the record on or before May 23, 2016, regarding the amount in controversy, explaining that the Court is under a continuing obligation to ensure jurisdiction exists. (Doc. # 4). Thereafter, Rodriguez filed a Motion to Remand (Doc. # 6) on May 18, 2016, and State Farm filed its Supplemental Memorandum in Support of Removal in Response to the Court's May 12, 2016, Order (Doc. # 7) on May 23, 2016.

Rodriguez's Motion to Remand focuses on the citizenship of State Farm and does not address the amount in controversy. State Farm, on the other hand, has focused on the amount in controversy and draws the Court's attention to a demand letter tendered by Rodriguez's counsel on February 12, 2016. (Doc. # 7-1). Therein, Rodriguez's counsel demands payment of $100,000.00 and remarks:

> I have previously provided you with medical records and bills for your reference, which outline my client's injuries and treatment. As you are aware, Ms. Rodriguez regularly treated with Dr. Jose Santiago at Physical Therapy Walk-in for over three months. Unfortunately, Ms. Rodriguez's pain did not alleviate and she was, therefore, referred to Dr. Phillip Pullen at Suncare Orthopedics. Dr. Pullen recommended Ms. Rodriguez for x-rays at Tampa Bay Bone and Joint and a MRI of her cervical spine and a MRI of her left wrist with Dr. William Foxworthy at Rose Radiology. The cervical MRI revealed: broad disc bulges occurring at C3-C4 to

3

> C5-C6, straightened cervical lordosis and limited flexion and extension suggest musculoligamentous injury or sprain. The left wrist MRI revealed: joint effusions are at the proximal and distal carpal rows and distal radiolunate joint, triangulofibrocartilage tear, and sprains of the radiolunate and radiocapitate ligaments. Dr. Pullen reviewed these findings and determined Ms. Rodriguez suffers from **left wrist fibrocartilage complex tear with left wrist effusion and left wrist pain, cervical disc disorders, cervicalgia, myofascial pain, and dysesthesias to the upper and lower extremities.** Since Ms. Rodriguez has been unable to alleviate any pain through conservative physical therapy, **she underwent surgery on her left wrist with Dr. Brian Williams at Orthopedic Specialist. Specifically, Ms. Rodriguez underwent an operative arthroscopy at the left wrist with debridement and arthroscopic synovectomy on January 29, 2016.**

(Doc. # 7-1 at 2-3)(emphasis in original).

A demand to tender policy limits does not automatically establish that the amount-in-controversy requirement has been satisfied. Martins v. Empire Indem. Ins. Co., No. 08-60004-CIV, 2008 WL 783762, at *2 (S.D. Fla. Mar. 21, 2008) (stating, "[i]n determining the amount in controversy in the insurance context, numerous courts have held that it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy") (internal quotation marks omitted) (citation omitted); see also Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (noting that

a plaintiff's demand letter "reflects mere posturing rather than a reasonable assessment of the value of her claim").

The Court's review of the demand letter leads to the conclusion that such letter, while describing potentially serious injuries, does not provide a basis for determining that the amount in controversy likely exceeds the jurisdictional threshold of $75,000.00. For instance, although the letter describes physical therapy treatments, x-rays, and arthroscopic wrist surgery, it does not provide any amounts for incurred medical bills. Nor does the letter describe lost wages or any damage to property.

The Court is aware that "district courts are permitted to make reasonable deductions and reasonable inferences and need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount." Keogh v. Clarke Envtl. Mosquito Mgmt., Inc., No. 8:12-cv-2874-T-30EAJ, 2013 U.S. Dist. LEXIS 20282, at *4-5 (M.D. Fla. Jan. 17, 2013)(internal citations omitted). Overall, the record is devoid of evidence to suggest that Rodriguez's damages from this accident exceed the $75,000 amount in controversy threshold. Compare Kilmer v. Stryker Corp., No. 5:14-cv-456-Oc-34PRL, 2014 U.S. Dist. LEXIS 152072, at *8-10 (M.D. Fla. Oct. 27, 2014)(denying

5

motion to remand and finding that the jurisdictional threshold was satisfied when past medical expenses totaled $72,792.93, and the record showed that plaintiff experienced pain and suffering associated with a failed knee replacement after the accident in question); <u>Riner v. Retained Subsidiary One, LLC</u>, No. 7:14-cv-176, 2015 U.S. Dist. LEXIS 12149, at *8-10 (M.D. Ga. Feb. 3, 2015)(denying motion to remand when past medical expenses reached $52,875.88, with "probable" future surgeries, after a pallet of water fell on plaintiff at his place of employment propelling him into a freezer with such force that his teeth were knocked out and causing plaintiff to sustain injuries causing "pain described as a '10' on a scale of 1 to 10, prevent[ing] him from sleeping, reading, driving, concentrating, performing work, performing recreational activities, and caring for himself."); <u>Wilt v. Depositors Ins. Co.</u>, No. 6:13-cv-1502-Orl-36KRS, 2013 U.S. Dist. LEXIS 167890, at n.11 (M.D. Fla. Nov. 6, 2013)(report and recommendation recommending denial of motion to remand when plaintiff's injury caused medical expenses of $58,500, "require[d] future surgery that will cost in the range of $100,000, and will require at least $5,000 per year for future medical care over her remaining life expectancy of 22.4 years.").

The Court recognizes that Rodriguez has listed the following categories of damages in her Complaint: "bodily injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical care and treatment, loss of earnings, [and] loss of ability to earn." (Doc. # 2 at ¶ 7). However, the Court has not been provided with any information about these broad categories of damages. And, the manner in which Rodriguez has described these categories of damages is so vague and inexact that the Court would be required to engage in rank speculation to ascribe these damages with any monetary value.

For instance, Rodriguez claims the loss of the ability to earn money, but the Court has not been supplied with information as to whether Rodriguez is employed and, if so, the nature of her wages. Similarly, she seeks redress for "disability," and other damages, yet the file before the Court lacks information (beyond nebulous generalities) to support these allegations. See Robinson v. Peck, No. 1:14-cv-1628-WSD, 2014 U.S. Dist. LEXIS 159198, at *11-12 (N.D. Ga. Nov. 12, 2014)(granting motion to remand in slip and fall action where plaintiff "allege[d] a generic scattershot list of unspecified damages," which included personal injury, pain

7

and suffering, mental anguish, loss of the capacity for the enjoyment of life, impaired ability to labor, loss of earning capacity, incidental expenses, expenses for medical treatment, future medical expenses and permanent injury.)

In a case such as this, where "plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." <u>Roe v. Michelin N. Am. Inc.</u>, 613 F.3d 1058, 1061 (11th Cir. 2010). As explained above, State Farm falls short of meeting this burden. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

The Court declines to award attorney's fees to Rodriguez because State Farm had an objectively reasonable, but ultimately unsuccessful, basis for removing this action. Thus, although the Court has determined that it is appropriate to remand the case, the Court does not find that an award of costs and attorney's fees is warranted.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Clerk is directed to **REMAND** this case to the Thirteenth Judicial Circuit, in and for Hillsborough

County, Florida.

(2) The Clerk is further directed to terminate any previously scheduled deadlines and hearings, and thereafter **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 31st day of May, 2016.

<u>VIRGINIA M. HERNANDEZ COVINGTON</u>
UNITED STATES DISTRICT JUDGE